JUDGE CONNER **07 CV 11593**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ROBERT LEWIS, on behalf of himself and all others similarly situated,<br><br>Plaintiff, | ) | |
| v. | ) | No. |
| NORTHEAST CREDIT & COLLECTIONS, INC. d/b/a NCC, and COMMONWEALTH FINANCIAL SYSTEMS, INC. d/b/a NCC | ) | CLASS ACTION |
| Defendants. | ) | JURY DEMANDED |

FILED
U.S. DISTRICT COURT
2007 DEC 27 PM 12: 55
S.D. OF N.Y.

**COMPLAINT**

***Introduction***

1. This is a consumer class action brought on behalf of consumers subjected to Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

***Jurisdiction and Venue***

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district and the interests of justice require maintenance of this action in this district.

***Parties***

4. Plaintiff Robert Lewis resides in this district.



5. Lewis is a "consumer," as that term is defined by § 1692a(3) of the FDCPA.

6. Defendant Northeast Credit & Collections, Inc. d/b/a NCC is a business entity regularly engaged in the business of collecting debts in New York State.

7. NCC's principal place of business is located at 120 North Keyser Avenue, Scranton, PA 18504.

8. NCC's principal purpose is the collection of debts using the mails and telephone.

9. NCC regularly attempts to collect debts alleged to be due another using the mails and telephone.

10. NCC is a "debt collector," as that term is defined by § 1692a(6) of the FDCPA.

11. Defendant Commonwealth Financial Systems, Inc. (CFS) is a business entity regularly engaged in the business of collecting debts in New York State.

12. CFS's principal place of business located at 120 North Keyser Avenue, Scranton, PA 18504.

13. CFS's principal purpose is the collection of debts using the mails and telephone.

14. CFS regularly attempts to collect debts alleged to be due another using the mails and telephone.

15. CFS is a "debt collector," as that term is defined by § 1692a(6) of the FDCPA.

16. Upon information and belief, NCC is a division of CFS.

***Factual Allegations Particular to Robert Lewis***

17. NCC sought to collect a debt from Lewis that was allegedly owed to "CRDTRST ASSIGNEE OF MBNA AM BK".

18. The alleged debt that NCC sought to collect from Lewis arose out of transactions that were incurred primarily for personal, family or household purposes.

19. The alleged debt that NCC sought to collect from Lewis is a "debt," as that term is defined by § 1692a(5) of the FDCPA.

20. CFS sought to collect a debt from Lewis that was allegedly owed to "CRDTRST ASSIGNEE OF MBNA AM BK."

21. The alleged debt that CFS sought to collect from Lewis arose out of transactions that were incurred primarily for personal, family or household purposes.

22. The alleged debt that CFS sought to collect from Lewis is a "debt," as that term is defined by § 1692a(5) of the FDCPA.

23. On or about February 6, 2007, CFS and NCC wrote and sent to Lewis by U.S. mail a collection or "dunning" letter (the "2/6/07 Letter"), a copy of which is attached as Exhibit A, in an attempt to coerce Lewis into paying the alleged debt.

24. In the header section of the 2/6/07 Letter, Defendants indicate that the letter is being sent by NCC, "A division of Commonwealth Financial Systems, Inc."

25. The letter also states in two places that the letter is "Regarding: CRDTRST ASSIGNEE OF MBNA AM BK."

26. The letter also states:

> Please be advised that your account has been assigned to NCC for collection. Payment in full of this debt is herein demanded. Payment should be made payable to NCC. No other payment arrangement will be allowed unless authorized by our office.

27. The letter also states:

> Unless you dispute the validity of this debt or any portion of it within thirty (30) days after receipt of this notice, the debt will be assumed to be valid. If you notify our office within thirty (30) days of receipt of this notice that the debt, or any portion of the debt is disputed, we will obtain verification of the debt and mail you a copy of such verification. Upon receipt of a written request

> from you within the thirty (30) day period, our office will provide you with the name and address of the original creditor, if different from the current creditor.

28. Defendants are regularly engaged in the business of collecting debts allegedly owed by consumers through collection letters and other correspondence.

29. Upon information and belief, Defendant NCC has, at all relevant times, had actual or constructive knowledge that NCC, and its employees and agents, were violating the FDCPA but despite this knowledge, continued to engage in further violations of the FDCPA.

30. Upon information and belief, Defendant CFS has, at all relevant times, had actual or constructive knowledge that CFS, and its employees and agents, were violating the FDCPA but despite this knowledge, continued to engage in further violations of the FDCPA.

## COUNT I

***Violations of Section 1692g of the Fair Debt Collection Practices Act Against Defendants Brought By Robert Lewis, Individually, and on Behalf of a Class***

31. Plaintiff restates, realleges and incorporates herein by reference paragraphs 1-30 as if set forth fully in this Count.

32. This Count is brought by Plaintiff, individually and on behalf of a class, consisting of consumers with New York addresses who: (a) within one year prior to the filing of this action; (b) were sent a collection letter by Defendants; (c) in a form materially identical or substantially similar to the letter sent to the Plaintiff, attached hereto as Exhibit A; and (d) the letter was not returned by the postal service as undelivered.

33. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impractical.

(B) There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The principal question presented by this case is whether the letter sent by Defendants, attached as Exhibit A, violates § 1692g of the FDCPA by misrepresenting consumers' rights and obligations when disputing the validity of alleged debts, and by failing to adequately or meaningfully disclose the name of the creditor to whom the debt is allegedly owed.

(C) The only individual issue is the identification of the consumers who received the letter (*i.e.* the class members), a matter capable of ministerial determination from Defendants' records.

(D) Plaintiff's claims are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests and she has retained counsel experienced in bringing class actions and collection abuse claims.

34. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interests of judicial economy.

35. If the facts are discovered to be appropriate, Plaintiff will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

***Violations of Section 1692g -- Failure to Send Proper Validation Notice***

36. Section 1692g of the FDCPA requires that a debt collector include a validation

notice either with, or sent within five (5) days of, the initial communication from the debt collector to the consumer. This notice is intended to advise the consumer as to certain federal rights under which a consumer may dispute a debt, request verification of a debt, or obtain certain information about the creditor within 30 days of an initial communication from a debt collector.

37. Under federal law, this validation notice must be effectively communicated, and may not be overshadowed, confounded or diluted as seen from the perspective of the "least sophisticated consumer."

38. On or about February 6, 2007, the Defendants sent a letter to Mr. Lewis in an attempt to collect a debt. *See* Exhibit A.

39. The February 6, 2007 letter was the initial communication from Defendants.

40. The form of the letter sent to Mr. Lewis and the Class did not contain a correct statement of the consumer's rights under § 1692g.

41. By omitting the words "in writing" from their explanation of how to dispute the debt, Defendants failed to provide the validation notice required by § 1692g(a)(4).

***Violations of Section 1692g –***
***Failure to name the creditor to whom the alleged debt was owed***

42. Specifically, § 1692g(a) of the FDCPA provides, in relevant part:

> ... a debt collector shall ... send the consumer a written notice containing –
>
> (2) the name of the creditor to whom the debt is owed.

43. Under federal law, this validation notice must be effectively communicated, and may not be overshadowed, confounded or diluted as seen from the perspective of the least sophisticated consumer.

44. On or about February 6, 2007, the Defendants sent a letter to Mr. Lewis in an attempt to collect a debt. *See* Exhibit A.

45. The February 6, 2007 letter was the initial communication from Defendants.

46. The February 6, 2007 letter identified the creditor as "CRDTRST ASSIGNEE OF MBNA AM BK."

47. This description is not the name of the creditor and this description of the creditor would be confusing and create uncertainty in the least sophisticated consumer.

48. Thus, Defendants violated § 1692g (and its relevant subsections) by sending collection correspondence that did not name the creditor to whom the alleged debt was owed.

WHEREFORE, Plaintiff Robert Lewis respectfully requests that this Court grant the following relief in his favor, and on behalf of the members of the Class, against all Defendants as follows:

(A) Statutory damages as provided by § 1692k of the FDCPA;

(B) Attorneys' fees, litigation expenses and costs; and

(A) Any other relief that this Court deems appropriate under the circumstances.

***Jury Demand***

Plaintiff respectfully requests a trial by jury.

Dated: New York, New York
December 24, 2007

Respectfully Submitted,

By: [signature]
Brian L. Bromberg (BB: 6264)
Plaintiff's Attorney

Brian L. Bromberg (BB: 6264)
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906

# Exhibit A

P.O. Box 18036
Hauppauge, NY 11788-8836
Address Service Requested

NCC
A division of Commonwealth Financial Systems, Inc.
Tel: (570) 347-1115 Fax: (570) 963-1644
Hours Of Operation - Eastern Time
Monday - Thursday 8am - 9pm
Friday 8am - 5pm, Saturday 8am - 12pm

***Personal & Confidential***

February 6 2007

Regarding: CRDTRST ASSIGNEE OF MBNA AM BK
Original Account #: [redacted]
Amount Due: $ 27566.16

#BWNBZWJ 0839 - 912
6358746*52
ROBERT S LEWIS
53 BURD ST
NYACK NY 10960-3220

Send To:
NCC
120 N. KEYSER AVENUE
SCRANTON, PA 18504

Please Detach And Return In The Enclosed Envelope With Your Payment

| **Regarding:** CRDTRST ASSIGNEE OF MBNA AM BK | **Original Acct No:** [redacted] | $27566.16 |
|---|---|---|

Dear Robert S Lewis

Please be advised that your account has been assigned to NCC for collection. Payment in full of this debt is herein demanded. Payment should be made payable to NCC. No other payment arrangement will be allowed unless authorized by our office.

Unless you dispute the validity of this debt or any portion of it within thirty (30) days after receipt of this notice, the debt will be assumed to be valid. If you notify our office within thirty (30) days of receipt of this notice that the debt, or any portion of the debt is disputed, we will obtain verification of the debt and mail you a copy of such verification. Upon receipt of a written request from you within the thirty (30) day period, our office will provide you with the name and address of the original creditor, if different from the current creditor.

This company must comply with a federal law that provides consumers with certain rights. One of these is the right to have us stop communicating with you about this debt. If you write to us and ask us to stop communicating with you about this debt, we will. But if you owe this debt you will still owe it and the debt may still be collected from you. If you have any concerns with the way we are collecting this debt, you may write to our Company at 120 N. Keyser Avenue, Scranton, PA 18504 or call us toll free at 1-800-848-2170 between 9:00 a.m. Eastern Time and 5:00 p.m. Eastern Time Monday -- Friday.

This is an attempt to collect a debt any information obtained will be used for that purpose. This is a communication from a debt collector.

Sincerely,

Alvin Witter Ext. 213
800-848-2170

TO PAY BY CHECK OR CREDIT CARD USING OUR AUTOMATED DIRECT PAY SYSTEM, PLEASE CALL 1-866-579-8524. YOUR NCC/COMMONWEALTH ACCOUNT NUMBER IS 6358746, OR FILL IN THE INFORMATION BELOW AND RETURN THE ENTIRE LETTER TO US. I AUTHORIZE MY CREDITOR TO CHARGE MY OBLIGATION TO THE CHARGE CARD BELOW. NOTE THAT A $5.00 PROCESSING FEE WILL BE ADDED TO ALL CREDIT CARD PAYMENTS

ACA International — The Association of Credit and Collection Professionals

WE ACCEPT ☐ VISA ☐ MASTERCARD ☐ AMERICAN EXPRESS

Account # ______ Expiration Date: __/__

Card Holder Name: ______ Amount: ______

Signature ______ Date ______

1 of 1



0839 - 912