IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Robert Lewis, on behalf of himself and all others similarly situated | : : : |
| Plaintiff | : CIVIL ACTION : |
| v. | : CASE NO. 07-CV-11593 (WCC) : |
| Northeast Credit & Collections, Inc., d/b/a NCC & Commonwealth Financials Systems, Inc., d/b/a NCC | : **Answer to Complaint** : : |

## DEFENDANTS, NORTHEAST CREDIT & COLLECTIONS, INC., D/B/A NCC & COMMONWEALTH FINANCIALS SYSTEMS, INC., D/B/A NCC, ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF, ROBERT LEWIS'S COMPLAINT.

Defendants, Northeast Credit & Collections, Inc., d/b/a NCC & Commonwealth Financials Systems, Inc., d/b/a NCC (at times, "NCC" or "Defendants"), answer the Complaint of the Plaintiff, Robert Lewis, on behalf of himself and all others similarly situated, as follows:

### INTRODUCTION

1. Admitted in part. Denied in part. It is admitted only that Plaintiff has filed a class action. The remaining allegations are denied as conclusions of law to which no response is required.

### JURISDICTION AND VENUE

2. Denied as a conclusion of law to which no response is required.

3. Denied as a conclusion of law to which no response is required.

### PARTIES

4. Admitted.

5. Denied as a conclusion of law to which no response is required.

4831-5462-1954.1

6. Admitted in part. Denied in part. It is admitted only that NCC engages in the collection of debts in the State of New York. The remaining allegations are denied.

7. Admitted.

8. Admitted.

9. Denied as a conclusion of law to which no response is required.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Denied as a conclusion of law to which no response is required.

16. Admitted. By way of further response, NCC is a trade name.

### FACTUAL ALLEGATIONS PARTICULAR TO ROBERT LEWIS

17. Admitted.

18. Denied. After reasonable investigation, NCC is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in this paragraph and therefore the same are specifically denied. Strict proof thereof is demanded at time of trial.

19. Denied as a conclusion of law to which no response is required.

20. Admitted.

21. Denied as a conclusion of law to which no response is required.

22. Denied as a conclusion of law to which no response is required.

4831-5462-1954.1

23. Admitted in part. Denied in part. It is admitted only that a letter was sent to Plaintiff. The remaining allegations are denied as the letter constitutes a writing which speaks for itself. NCC denies any characterization of the letter by Plaintiff.

24. Admitted.

25. Admitted.

26. Admitted in part. Denied in part. It is admitted only that a letter was sent to Plaintiff. The remaining allegations are denied as the letter constitutes a writing which speaks for itself. NCC denies any characterization of the letter by Plaintiff.

27. Admitted in part. Denied in part. It is admitted only that a letter was sent to Plaintiff. The remaining allegations are denied as the letter constitutes a writing which speaks for itself. NCC denies any characterization of the letter by Plaintiff.

28. Admitted. By way of further answer, NCC also collects non-consumer debts.

29. Denied as a conclusion of law to which no response is required.

30. Denied as a conclusion of law to which no response is required.

## COUNT I
### Violations of Section 1692g of the Fair Debt Collection Practices Act Against Defendants Brought By Robert Lewis, Individually, and on Behalf of a Class

31. NCC incorporates paragraphs 1-30, inclusive as though same were set forth herein.

32. Denied as a conclusion of law to which no response is required.

33(A-E). Denied as a conclusion of law to which no response is required.

34. Denied as a conclusion of law to which no response is required.

35. Admitted that Plaintiff seeks to certify the class. It is denied that the claims and defenses of Plaintiff are typical of the claims and defenses of the purported class.

4831-5462-1954.1

### Violations of Section 1692g - Failure to Send Proper Validation Notice

36. Denied as a conclusion of law to which no response is required.

37. Denied as a conclusion of law to which no response is required.

38. Admitted in part. Denied in part. It is admitted only that a letter was sent to Plaintiff. The remaining allegations are denied as the letter constitutes a writing which speaks for itself. Defendants deny any characterization of the letter by Plaintiff.

39. Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in this paragraph and therefore the same are specifically denied. Strict proof thereof is demanded at time of trial.

40. Denied as a conclusion of law to which no response is required.

41. Denied as a conclusion of law to which no response is required.

### Violations of Section 1692g
### Failure to name the creditor to whom the alleged debt was owed

42. Denied as a conclusion of law to which no response is required.

43. Denied as a conclusion of law to which no response is required.

44. Admitted in part. Denied in part. It is admitted only that a letter was sent to Plaintiff. The remaining allegations are denied as the letter constitutes a writing which speaks for itself. Defendants deny any characterization of the letter by Plaintiff.

45. Admitted in part. Denied in part. It is admitted only that a letter was sent to Plaintiff. The remaining allegations are denied as the letter constitutes a writing which speaks for itself. Defendants deny any characterization of the letter by Plaintiff.

46. Admitted in part. Denied in part. It is admitted only that a letter was sent to Plaintiff. The remaining allegations are denied as the letter constitutes a writing which speaks for itself. NCC denies any characterization of the letter by Plaintiff.

47. Denied as a conclusion of law to which no response is required.

48. Denied as a conclusion of law to which no response is required.

WHEREFORE, Defendants respectfully requests that this Honorable Court enter judgment in their favor and against the Plaintiff together with costs of defense and such further relief as is deemed just and appropriate.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Defendants, at all material times with respect to Plaintiff, acted in good faith and complied fully with all State and Federal laws.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Any alleged violation was unintentional and the result of a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Any harm suffered by Plaintiff was not caused by any act or omission of Defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Any harm suffered by Plaintiff was caused by Plaintiff's own conduct or the conduct of third parties over which Defendants had no control and for which Defendants cannot be held responsible.

4831-5462-1954.1

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself, and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Defendants.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any damages and Defendants were not the proximate cause of any damages Plaintiff may have suffered.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Any alleged damages sustained by Plaintiff were caused by the actions or inactions of someone other than the Defendants.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The purported class is not so numerous as to make joinder of all members impracticable.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The questions of law or fact are not common to the purported class.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The claims and defenses of Plaintiff are not typical of the claims and defenses of the purported class.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot fairly and adequately protect the interests of the purported class.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Prosecution of separate actions by individual members of the purported class would not create a risk of inconsistent or varying adjudications with respect to individual members of the purported class that would establish incompatible standards of conduct for Defendant.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Prosecution of separate actions by individual members of the purported class would not create a risk of adjudications with respect to individual members of the purported class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Defendants' alleged conduct is not generally applicable to the purported class.

**WHEREFORE**, Defendants Northeast Credit & Collections and Commonwealth Financial Systems, Inc. pray as follows:

(1)   That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)   For costs of defense and attorneys' fees herein incurred; and

(3)   For such other and further relief as the Court deems just and proper.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Peter T. Shapiro (PS-9692)
Local Counsel for Defendants Commonwealth
Financial Systems, Inc. and Northeast
Credit & Collections
199 Water Street
New York, NY 10038

4831-5462-1954.1

212-232-1300

KELLEY & POLISHAN, LLC
Attorneys for Defendants Commonwealth
Financial Systems, Inc. and Northeast
Credit & Collections
259 South Keyser Avenue
Old Forge, PA 18518
570-562-4520

To:   BROMBERG LAW OFFICE
      Attorneys for Plaintiff
      40 Exchange Place
      New York, NY 10005
      212-248-7906

4831-5462-1954.1